JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**DEFENDANTS**

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation -
      Transfer

☐ 8  Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
      UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

THOMAS R. SAMUEL,

                        Plaintiff,


            v.


CVS PHARMACY INC. - STORE #460;
DANIEL L. BUCHNESS; and, BRANDI
CHRISTINE MIGNUCCI,

                        Defendants.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

No.

### DEFENDANTS, PENNSYLVANIA CVS PHARMACY, L.L.C. AND BRANDI CHRISTINE MIGNUCCI'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446

Defendants, Pennsylvania CVS Pharmacy, L.L.C. (i/p/a CVS Pharmacy, Inc. –Store #460) and Brandi Christine Mignucci, by and through their attorneys, Post & Schell, P.C., hereby petition to remove the above-captioned action, which is presently in the Court of Common Pleas, Philadelphia County, No. 200200511, pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446 and in support thereof, avers as follows:

**I.      NATURE OF ACTION**

1.      On February 5, 2020, Plaintiff, Samuel R. Samuel, filed a lawsuit in the Philadelphia Court of Common Pleas alleging that on September 19, 2019, he was assaulted and falsely imprisoned while shopping at a CVS retail store located at 101 Chester Avenue, Yeadon, Pennsylvania. See a true and accurate copy of Plaintiff's Complaint is attached hereto as Exhibit "A" (hereinafter the "Complaint").[1]

---

[1] On May 8, 2020, Plaintiffs filed an Amended Complaint. See a true and accurate copy of Plaintiff's Amended Complaint attached hereto as Exhibit "B" (hereinafter the "Amended Complaint").

2.      Plaintiff has sued for Assault and Battery (Count I), False Arrest and Imprisonment (Count II), Intentional Infliction of Emotional Distress (Count III), and Negligent Supervision (Count IV). See Exhibit "A".

3.      Plaintiff is a resident of Pennsylvania with an address of 3814 Fairmount Avenue, Philadelphia, Pennsylvania 19104. See Exhibit "A" at ¶1.

4.      At the time Plaintiff filed his Complaint, Defendant, Brandi Christine Mignucci was a resident of Pennsylvania with an address of 20-1 Valley Road, Drexel Hill, Pennsylvania.[2] See Exhibit "B" at ¶6.

5.      Defendant Mignucci later permanently relocated from Pennsylvania to the State of Florida; Defendant Mignucci is now a resident of Florida with an address of 3757 Auberdale Avenue, The Villages, Florida.

6.      At the time Plaintiff filed his Complaint, Defendant, Daniel L. Buchness was a resident of Pennsylvania with an address of 1622 South 18th Street, Philadelphia, Pennsylvania. See Exhibit "A" at ¶8.

7.      On January 28, 2021, Defendant Buchness permanently relocated from Pennsylvania to the State of New Jersey.

8.      Defendant Buchness is a resident of New Jersey with an address of 556 Spring Road, Hammonton, New Jersey. A true and accurate copy of Defendant Buchness' Deed and Settlement Statement dated January 28, 2021, which has been redacted, is attached hereto as Exhibit "C"

---

[2] In his original Complaint, Plaintiff did not have the proper address for Defendant, Mignucci and was unable to effectuate serve upon her.  As such, he amended his complaint with the proper address.

9.       Defendant, Pennsylvania CVS Pharmacy, L.L.C. (i/p/a CVS Pharmacy, Inc. –Store #460) is a Pennsylvania limited liability company with a business address of 101 Chester Avenue, Yeadon, Pennsylvania. See Exhibit "B" at ¶2.

10.      Defendant, CVS Pharmacy, Inc., is a foreign corporation with a principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. Id.

11.      The sole member of Pennsylvania CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc.

12.      Plaintiff alleges to have suffered "pain, injury and emotional distress" as a result of allegedly being threatened with lethal force as a firearm was pointed at him. See Exhibit "A" at ¶¶47, 64, 67, 71.

13.      Plaintiff further alleges that Defendants' actions, which caused him to suffer severe emotional distress, were malicious, intentional and, were displayed with reckless disregard to the rights, safety and well-being of the Plaintiff;" Plaintiff is also seeking punitive damages to "deter such future similar conduct." Id. at ¶¶70, 72.

14.      Pursuant to Pennsylvania pleading rules, Plaintiff has also asserted that the alleged damages are in excess of the $50,000 jurisdictional limits of a Board of Arbitrators.  See Id.

II.      **LEGAL ARGUMENT**

     A.      **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

15.      Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

31.      The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

32.     "The amount in controversy is **not** measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

33.     The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

34.     In this case, Plaintiff alleges to have suffered: "pain, injury and emotional distress" as a result of allegedly being threatened with lethal force as a firearm was pointed at him See Exhibit "A" at ¶¶47, 64, 67, 71.

16.     Plaintiff further alleges that Defendants' actions, which caused him to suffer severe emotional distress, were malicious, intentional and, displayed with reckless disregard to the rights, safety and well-being of the Plaintiff;" Plaintiff is also seeking punitive damages to "deter such future similar conduct." Id at ¶¶70, 72.

17.     Plaintiff has sued for Assault and Battery (Count I), False Arrest and Imprisonment (Count II), Intentional Infliction of Emotional Distress (Count III), and Negligent Supervision (Count IV) and claims that he was targeted as a result of racial animus by Defendants See Id. at ¶¶27, 28, 30.

18.     While Defendants dispute Plaintiff's allegations, considering the damages claimed by Plaintiff, if taken to be true, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 amount in controversy minimum.

**B.      THE ADVERSE PARTIES ARE COMPLETELY DIVERSE**

19.     Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

20.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

21.     A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

22.     Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

23.     In addition, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

24.     Defendant, Pennsylvania CVS Pharmacy, L.L.C.'s sole member is CVS Pharmacy, Inc.  As the sole member of the LLC, the citizenship of CVS Pharmacy, Inc. (Rhode Island) is used to determine the citizenship of Defendant, Pennsylvania CVS Pharmacy, L.L.C.

25.     As stated above, as well as in the Complaint, Plaintiff is a resident of Pennsylvania.

26.     At the time the Complaint was filed both Defendants, Mignucci and Buchness were residents of Pennsylvania.

27.     However, both Defendants, Mignucci and Buchness now reside in and are citizens of states other than Pennsylvania – Florida and New Jersey, respectively.

28.     Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction over the action.

29.     Plaintiff filed this action in the Court of Common Pleas of Philadelphia County. The Eastern District of Pennsylvania is the judicial district embracing Philadelphia County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed. See 28 U.S.C. §§ 144l(a), 1446(a).

30.     If a case is not initially removable, notice of removal may be filed within 30 days of the parties first becoming diverse. 28 U.S.C. §1446(b)(3)(allowing for removal after thirty days after the initial pleading when "it may first be ascertained that the case is one which is or has become removable"); Koch v. Progressive Direct Ins., CO., 2020 U.S. Dist. LEXIS 59, *3, CA no. 19-4697 (E.D. Pa. Jan. 2, 2020);

31.     On January 28, 2020, Defendant Buchness became a resident of New Jersey, joining Defendants, Pennsylvania CVS Pharmacy, L.L.C. (Rhode Island) and Mignucci (Florida), as diverse defendants.

32.     Defendants filed the instant Petition for Removal within thirty (30) days of Defendant Buchness becoming a resident and citizen of Jew Jersey.[3]

33.     As indicated above and in the Complaint, Plaintiff is a resident and citizen of Pennsylvania.

34.     As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania) and the Defendants (Florida, New Jersey, and Rhode Island).

---

[3] Defendant, Buchness consents to and joins in Defendants' Petition for Removal.

35.    Importantly, complete diversity of citizenship and removal has taken place within one year of the commencement of the action. 28 U.S.C. § 1446(c)(1); Bolus v. IAT Ins. Grp., 2019 U.S. Dist. LEXIS 113316, CA no. 19-1712 (E.D. Pa. July 19, 2019).

36.    Further, pursuant to Section 1446(a), Defendants are also filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Philadelphia County in this removed action.

37.    Additionally, Defendants are filing a copy of this Petition for Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County. See 28 U.S.C. § 1446(d).

38.    Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

## III.    CONCLUSION

39.    Therefore, with both the existence of diversity of citizenship between the parties and the amount in controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Defendants, Pennsylvania CVS Pharmacy, L.L.C. (i/p/a CVS Pharmacy, Inc. –Store #460) and Brandi Christine Mignucci, respectfully request that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

**POST & SCHELL, P.C.**

By: _____

DATED: February 5, 2021

CHARLES W. SPITZ, ESQUIRE
JOEL H. FEIGENBAUM, ESQUIRE
Attorneys for DEFENDANTS,
Pennsylvania CVS Pharmacy, L.L.C.
(i/p/a "CVS Pharmacy, Inc. – Store #460")
and Brandi Christine Mignucci

7

## <u>CERTIFICATE OF SERVICE</u>

JOEL H. FEIGENBAUM, ESQUIRE hereby states that a true and correct copy of the foregoing Petition for Removal be electronically filed with the Court and served by electronic mail upon counsel of record

**POST & SCHELL, P.C.**

By: _____

DATED: February 5, 2021

CHARLES W. SPITZ, ESQUIRE
JOEL H. FEIGENBAUM, ESQUIRE
Attorneys for DEFENDANTS,
Pennsylvania CVS Pharmacy, L.L.C.
(i/p/a "CVS Pharmacy, Inc. – Store #460")
and Brandi Christine Mignucci

8

21505665v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| THOMOAS R. SAMUEL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| CVS PHARMACY INC. - STORE #460; | : | |
| DANIEL L. BUCHNESS; and, | : | |
| BRANDI CHRISTINE MIGNUCCI | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.    (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.    (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)    (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | |
|---|---|
| **March 24, 2020** | **Joel H. Feigenbaum, Esquire** |
| **Date** | **Attorney-at-law** |
| | **Attorney for Defendants** |
| | |
| **(215) 587-1138** | **(215) 320-4765** |
| **Telephone** | **FAX Number** |

**E-Mail Address:  jfeigenbaum@postschell.com**

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases

2

involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?

   Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    *Joel Feigenbaum* _____    _____

                                    *Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

☐    1.    Indemnity Contract, Marine Contract, and All Other Contracts
☐    2.    FELA
☐    3.    Jones Act-Personal Injury
☐    4.    Antitrust
☐    5.    Patent
☐    6.    Labor-Management Relations
☐    7.    Civil Rights
☐    8.    Habeas Corpus
☐    9.    Securities Act(s) Cases
☐    10.    Social Security Review Cases
☐    11.    All other Federal Question Cases
             *(Please specify): _____*

**B.**    *Diversity Jurisdiction Cases:*

☐    1.    Insurance Contract and Other Contracts
☐    2.    Airplane Personal Injury
☐    3.    Assault, Defamation
☐    4.    Marine Personal Injury
☐    5.    Motor Vehicle Personal Injury
☐    6.    Other Personal Injury *(Please specify): _____*
☐    7.    Products Liability
☐    8.    Products Liability – Asbestos
☐    9.    All other Diversity Cases
             *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐    Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐    Relief other than monetary damages is sought.

DATE: _____    _____    _____

                             *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2020**

**000511**

E-Filing Number: 2002009141

| | |
|---|---|
| PLAINTIFF'S NAME<br>THOMAS R.. SAMUEL | DEFENDANT'S NAME<br>CVS PHARMACY, INC. |
| PLAINTIFF'S ADDRESS<br>3814 FAIRMOUNT AVENUE<br>PHILADELPHIA PA 19104 | DEFENDANT'S ADDRESS<br>101 CHESTER AVENUE<br>YEADON PA 19050 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>DANIEL L.. BUCHNESS |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1622 SOUTH 18TH STREET<br>PHILADELPHIA PA 19145 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>BRANDI C.. MAGNUCCI |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>101 CHESTER AVENUE<br>YEADON PA 19050 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration   ☐ Mass Tort   ☐ Commerce   ☐ Settlement<br>☒ Jury   ☐ Savings Action   ☐ Minor Court Appeal   ☐ Minors<br>☐ Non-Jury   ☐ Petition   ☐ Statutory Appeals   ☐ W/D/Survival<br>☐ Other: |

CASE TYPE AND CODE
2O - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

FEB **05** 2020

**A. SILIGRINI**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES          NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: THOMAS R. SAMUEL

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>STEPHEN T. OHANLON | ADDRESS<br>2 PENN CENTER<br>1500 JFK BLVD<br>SUITE 1410<br>PHILADELPHIA PA 19102 |
|---|---|
| PHONE NUMBER<br>(267)546-9066 | FAX NUMBER<br>none entered | |
| SUPREME COURT IDENTIFICATION NO.<br>208428 | E-MAIL ADDRESS<br>steve@ohanlonlawfirm.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*STEPHEN OHANLON* | DATE SUBMITTED<br>Wednesday, February 05, 2020, 02:29 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**IN THE COURT OF COMMON PLEAS FOR THE
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
PHILADELPHIA COUNTY:  CIVIL TRIAL
DIVISION**

*Filed and Attested by the
Office of Judicial Records
05 FEB 2020 02:29 pm
A. SILIGRINI*

| | |
|---|---|
| THOMAS R. SAMUEL<br>3814 Fairmount Avenue<br>Philadelphia, PA 19104 | Civil Action<br><br>February Term, 2020 |
| Plaintiff, | No.: |
| *v.* | |
| CVS PHARMACY, INC. - STORE # 460<br>101 Chester Avenue, Yeadon, PA 19050 | |
| -and- | |
| DANIEL L. BUCHNESS<br>1622 South 18th Street<br>Philadelphia, PA 19145 | |
| -and- | |
| BRANDI CHRISTINE MIGNUCCI<br>CVS Pharmacy #460<br>101 Chester Avenue<br>Yeadon, PA 19050, | |
| Defendants. | |

# NOTICE TO DEFEND

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107-2911
(215) 238-6333

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguentes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta assentar una comparencia escrita a en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandate y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NOTIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA A VERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107-2911
(215) 238-6333

2

**IN THE COURT OF COMMON PLEAS FOR THE
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA,
PHILADELPHIA COUNTY:  CIVIL TRIAL
DIVISION**

| | |
|---|---|
| THOMAS R. SAMUEL<br>3814 Fairmount Avenue<br>Philadelphia, PA 19104 | Civil Action<br><br>February Term, 2020 |
| Plaintiff, | No.: |
| *v.* | |
| CVS PHARMACY, INC. - STORE # 460<br>101 Chester Avenue, Yeadon, PA 19050 | |
| -and- | |
| DANIEL L. BUCHNESS<br>1622 South 18th Street<br>Philadelphia, PA 19145 | |
| -and- | |
| BRANDI CHRISTINE MIGNUCCI<br>CVS Pharmacy #460<br>101 Chester Avenue<br>Yeadon, PA 19050, | |
| Defendants. | |

**COMPLAINT AND JURY DEMAND**

**CIVIL ACTION:  2O**

**Parties, Venue, and Jurisdiction**

1.      Plaintiff, Thomas Samuel ("Plaintiff"), is an adult individual residing at

3814 Fairmount Avenue Philadelphia, PA 19104.

2.      Defendant CVS Pharmacy Inc. – Store #460, is located at 101 Chester

Avenue, Yeadon, PA 19050.

3.      At all times relevant hereto Defendant CVS Pharmacy, Inc., owned,

operated, managed and controlled CVS Pharmacy, Inc. – Store #460.

3

Case ID: 200200511

4.      At all times relevant hereto, Defendants CVS Pharmacy, Inc., by its agents, employees, and servants managed, controlled, possessed, operated, and maintained CVS Pharmacy, Inc. – Store #460.

5.      The Defendants CVS Pharmacy, Inc. – Store #460, will be referred to in this Complaint as "CVS" and/or the "Defendant CVS."

6.      Defendant, Brandi Christine Mignucci ("Defendant Mignucci"), is a citizen and resident of the Commonwealth of Pennsylvania, with a business address of CVS Pharmacy – #460, 101 Chester Avenue, Yeadon, PA 19050.

7.      At all times relevant hereto, Defendant Mignucci was a servant, agent, manager, and employee of CVS and acted in the course and scope of her employment.

8.      Defendant Daniel L. Buchness ("Defendant Buchness"), is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 1622 South 18th Street Philadelphia, PA 19145.

9.      Venue is proper within this Honorable Court's jurisdiction because the Plaintiff is located in Philadelphia County, and the Defendants have a presence in Philadelphia County and/or deliberately service customers from Philadelphia County, such as the Plaintiff. The causes of action are recognized in this Commonwealth and properly brought in the Court of Common Pleas.

### Factual Allegations

10.      On or about September 19, 2019, Plaintiff went to the CVS store to shop for some items.

11.      The Plaintiff located the items he wished to purchase and headed to the cash register to pay for them.

4

Case ID: 200200511

12.     The Plaintiff approached the cash register, which was operated by Defendant Mignucci.

13.     As the Plaintiff approached the register, Defendant Mignucci began acting disrespectfully and arguing with the Plaintiff.

14.     The Plaintiff became upset with Defendant Mignucci and her highly aggressive and hostile attitude. The Plaintiff had never experienced such ill-treatment by a CVS employee before and was deeply offended.

15.     Defendant Mignucci humiliated Plaintiff by berating him before other CVS customers waiting in line behind the Plaintiff.

16.     During the ensuing argument, the Plaintiff asked to speak with Defendant Mignucci's supervisor. In a threatening fashion, Defendant Mignucci mentioned to the Plaintiff that if had any issue he could speak with her husband, at which point as if summoned by Defendant Mignucci, Defendant Buchness appeared.

17.     Defendant Buchness in an extremely hostile and aggressive manner, confronted the Plaintiff invading the Plaintiff's personal space, and pushed his body very close against Plaintiffs, and said, "Don't say another word to her."

18.     Defendant Buchness then reached his arm behind his back and lifted his shirt to reveal a firearm holstered on his back and asked the Plaintiff, "Do we have a problem here?" Defendant Buchness explained to Plaintiff if there was an issue, they could step outside to deal with it.

19.     Given the current racial climate in America and the countless fatal shootings of unarmed African American men, Plaintiff was terrified for his safety. Other customers

5

Case ID: 200200511

seeing the gun also feared for the Plaintiff's life and called out to the Plaintiff to stay indoors with them, and that, "[following Defendant Buchness outside] wasn't worth it."

20.     Defendant Mignucci saw this unfold and did nothing to intervene or to stop Defendant Buchness from brandishing a firearm at the Plaintiff within the CVS and in front of other CVS customers.

21.     Defendant Mignucci did not call the police to report that Defendant Buchness was threatening and detaining the Plaintiff, a CVS customer with a firearm.

22.     Defendant Mignucci approved and supported Defendant Buchness's actions. As Defendant Buchness led the Plaintiff out of the store and had his hand steadily set on the holstered firearm, Defendant Mignucci screamed out, "Now you get what you deserve, and you had this coming to you!"

23.     When Defendant Buchness and the Plaintiff reached the store vestibule, Defendant Buchness unholstered and brandished his firearm while ordering the Plaintiff to leave the store premises under the threat of lethal force.

24.     Defendant Mignucci continued watching the scene unfold and kept saying, "Now you get what you deserve." She did nothing to intervene or to stop Defendant Buchness from threatening and detaining the Plaintiff, a CVS customer with a firearm.

25.     The Plaintiff fearing for his life and safety, fled the store in great haste.

26.     The other CVS customers who were present became angry with Defendant Mignucci, saying she should call the police and not have encouraged Defendant Buchness to use a weapon against the Plaintiff.

27.     Defendant Mignucci harbored racial animus toward the Plaintiff and racially profiled him as an aggressor when he was merely an unarmed African American

Case ID: 200200511

male buying rolls of toilet paper. Defendant Mignucci trying to justify her behavior asked the other store customers, "Wasn't he aggressive and arrogant?"

28.    The other customers responded in disbelief that the Plaintiff had done nothing wrong, and Defendant Mignucci should have called the police. The customers also stated Defendant Mignucci should not have encouraged Defendant Buchness to brandish a weapon against the Plaintiff, given the current racial climate in America and the countless fatal shootings of unarmed African American men.

29.    Defendant Mignucci waited until all the customers left the store so she could call the police and report her false narrative without anyone present challenging her.

30.    Defendant Mignucci acting with racial animus and malicious intent, called the police and lied, saying that the Plaintiff had a gun in the store and had threatened her. Defendant Mignucci purposefully concealed her involvement in the verbal argument, and that Defendant Buchness brandished a firearm at the Plaintiff, a CVS customer.

31.    After the police arrived at the CVS store, Defendant Mignucci further concealed what took place an actively took steps to frame the Plaintiff. Defendant Mignucci brought the officers to the pharmacy and demanded that the pharmacist release the Plaintiff's personal information to help the officers apprehend the Plaintiff.

32.    A nearby customer who had witnessed the earlier ordeal voiced outrage at Defendant Mignucci and declared that information was private. The customer rebuked Defendant Mignucci for her scheme to frame the Plaintiff.

33.    Upon information and belief, Defendant Mignucci possessed a supervisorial position at the CVS location at or about September 19, 2019 and was responsible for

Case ID: 200200511

ensuring that adequate procedures existed and were followed to guarantee that customers were not threatened or detained at gunpoint.

34.    In allowing the Plaintiff, a store customer to be held up, detained and ordered to leave the premises at gunpoint under the threat of lethal force, and even shouting at the Plaintiff as it unfolded, "Now you get what you deserve, and you had this coming to you," Defendant Mignucci, and therefore Defendant CVS thereby affirmed, supported, acquiesced in, ratified, adopted, condoned and approved the use of a firearm by Defendant Burchness.

35.    CVS investigated the incident and found no fault with Defendant Mignucci's actions. Furthermore, a CVS manager stated to one of the customers that CVS has no relevant standards or policy which prohibits a customer from threatening another with a firearm, nor one which requires a store employee to summon the police in the event a store customer like Defendant Buchness brandishes a firearm at another CVS customer.

36.    All Defendants were involved in the tortious conduct alleged herein, and all Defendants acted in concert to engage in the tortious conduct alleged and to bring about the injuries sustained by the Plaintiff.

### COUNT ONE - PLAINTIFF v. ALL DEFENDANTS:
### ASSAULT AND BATTERY

37.    The Plaintiff incorporates paragraphs 1 through 36 above as though fully set forth.

38.    The acts and conduct of the Defendants as aforesaid constitute assault and battery under the laws and Constitution of the Commonwealth of Pennsylvania.

Case ID: 200200511

39.     On or about September 19, 2019, the Plaintiff was shopping at the CVS store. Defendant Mignucci summoned Defendant Buchness to the checkout counter to deal with Plaintiff, whereby Defendant Buchness assaulted and battered the Plaintiff.

40.     Defendant Buchness grabbed Plaintiff from behind, brandished his firearm at him, and ordered Plaintiff to leave the store, whereby he intended to cause or recklessly caused the Plaintiff an imminent apprehension of a harmful or offensive bodily contact.

41.     Defendant Buchness grabbed the Plaintiff from behind, brandished his firearm at him, and ordered the Plaintiff to leave the store under the threat of lethal force, whereby Defendant Buchness took action intending to cause or recklessly caused the Plaintiff to suffer a harmful or offensive contact or apprehension that such a contact is imminent.

42.     Defendant Mignucci aided, abetted, counseled, and encouraged Defendant Buchness in brandishing and firearm and threatening lethal force against the Plaintiff, by shouting at the Plaintiff as he was held at gunpoint "Now you get what you deserve, and you had this coming to you."

43.     Defendant Mignucci affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Burchness against the Plaintiff, whereby she intended to cause or recklessly caused the Plaintiff to suffer an imminent apprehension of a harmful or offensive bodily contact and took action intending to cause or recklessly caused the Plaintiff to suffer a harmful or offensive contact or apprehension that such a contact is imminent.

44.     Defendant CVS is responsible and liable for the acts of their employee in committing assault and battery against the Plaintiff, in that Defendant Mignucci is an

Case ID: 200200511

employee and acted as an agent of Defendant CVS within the course and scope of her employment, and with the knowledge and acquiescence of Defendant CVS.

45. Defendant CVS affirmed, supported, acquiesced in, ratified, adopted, condoned and approved the use of a firearm by Defendant Burchness against the Plaintiff and the actions of Defendant Mignucci by concluding their investigation and approving of Defendant Mignucci's actions, taking no steps to sanction her behavior, and making no changes to its policies.

46. The assault and battery committed by the Defendants upon the person of the Plaintiff were unprovoked and in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

47. As a result of such imminent apprehension of a harmful or offensive bodily contact and being threatened with lethal force, the Plaintiff suffered severe emotional distress. The Plaintiff's pain, injury, and emotional distress were magnified further due to the current racial climate in America and the countless fatal shootings of unarmed African American men.

48. The conduct of the Defendants was outrageous, wanton, willful, malicious, shocking to the conscience, and totally without justification.

49. The actions of Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous, and unjustifiable, and therefore, punitive damages are necessary and appropriate mainly to deter such similar future conduct.

Case ID: 200200511

WHEREFORE, the Plaintiff demands judgment against the Defendants herein for compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus such reasonable costs and equitable relief as the Court may allow.

## COUNT TWO - PLAINTIFF v. ALL DEFENDANTS:
### FALSE ARREST AND IMPRISONMENT

50.     The Plaintiff incorporates paragraphs 1 through 49 as though fully set forth.

51.     On or about September 19, 2019, the Plaintiff was shopping at the CVS store. Defendant Mignucci summoned Defendant Buchness to the checkout counter to deal with the Plaintiff. Defendant Buchness violently and brutally seized and detained the Plaintiff.

52.     Defendant Buchness grabbed the Plaintiff from behind, brandished his firearm at him, and ordered the Plaintiff to leave the store under threat of lethal force, whereby he intended and caused the Plaintiff to be detained and seized unlawfully, without consent or authority of law.

53.     Defendant Buchness's conduct was intended to cause the detention of the Plaintiff.

54.     Defendant Buchness carried out the arrest and detention by the prompting and the direction of Defendant Mignucci.

55.     Defendant Mignucci aided, abetted, counseled, and encouraged Defendant Buchness in brandishing and firearm and threatening lethal force against the Plaintiff, by shouting at Plaintiff as he was held at gunpoint "Now you get what you deserve, and you had this coming to you."

11

Case ID: 200200511

56.     Defendant Mignucci affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Burchness to detain the Plaintiff at gunpoint.

57.     Defendant CVS is responsible and liable for the acts of their employee in committing false arrest and imprisonment against the Plaintiff, in that Defendant Mignucci is an employee and acted as an agent of Defendant CVS within the course and scope of her employment, and with the knowledge and acquiescence of Defendant CVS.

58.     Defendant CVS affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Burchness against the Plaintiff and the actions of Defendant Mignucci by concluding their investigation and approving of Defendant Mignucci's actions, taking no steps to sanction her behavior, and making no changes to CVS policies.

59.     As a result of the Defendants' actions, the Plaintiff sustained pain, injury, and emotional distress all to his detriment.

60.     The actions described herein of the Defendants were malicious, intentional and, displayed with reckless disregard to the rights, safety, and well-being of the Plaintiff, and the imposition of punitive damages is warranted to deter such future similar conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendants herein for compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus such reasonable costs and equitable relief as the Court may allow.

### COUNT THREE – PLAINTIFF v. ALL DEFENDANTS:
### INTENTIONAL INFLICTION OF EMOTIONAL
### DISTRESS

61.     The Plaintiff incorporates paragraphs 1 through 60 as though fully set forth.

12

Case ID: 200200511

62.     Defendant Buchness acted intentionally in pointing a firearm at the Plaintiff and threatening him with lethal force.

63.     Defendant Buchness's conduct was extreme and outrageous.

64.     Defendant Mignucci aided, abetted, counseled, and encouraged Defendant Buchness in brandishing the firearm and threatening lethal force against the Plaintiff, by shouting at the Plaintiff as he was held at gunpoint "Now you get what you deserve, and you had this coming to you."

65.     Defendant Mignucci affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Burchness to detain the Plaintiff at gunpoint and the infliction of emotional distress.

66.     The conduct was extreme and outrageous.

67.     Defendant CVS's employee acting within the scope of her employment and within the knowledge and acquiescence of Defendant CVS, acted intentionally in causing Defendant Buchness to point a firearm at the Plaintiff and threaten him with lethal force.

68.     The conduct was extreme and outrageous.

69.     Defendant CVS affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Burchness against the Plaintiff and the actions of Defendant Mignucci by concluding their investigation and approving of Defendant Mignucci's actions, taking no steps to sanction her behavior, and making no changes to CVS policies.

70.     The Defendants' actions caused the Plaintiff to suffer severe emotional distress.

Case ID: 200200511

71.     As a result of the Defendants' actions, the Plaintiff sustained pain, injury, and emotional distress all to his detriment.

72.     The actions described herein of the Defendants were malicious, intentional and, displayed with reckless disregard to the rights, safety, and well-being of the Plaintiff, and the imposition of punitive damages is warranted to deter such future similar conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendants herein for compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus such reasonable costs and equitable relief as the Court may allow.

## COUNT FOUR – PLAINTIFF v. DEFENDANT CVS: NEGLIGENT SUPERVISION

73.     The Plaintiff incorporates paragraphs 1 through 73 as though fully set forth.

74.     Defendant CVS has a duty to properly train, supervise and manage its employees, agents, servants, and/or contractors, including but not limited to Defendant Mignucci, to prevent them from committing tortious conduct against store employees.

75.     Defendant CVS breached this duty insofar as its employees, agents, servants and/or contractors, including but not limited to Defendant Mignucci, aided, abetted, counseled, and encouraged Defendant Buchness in brandishing and firearm and threatening lethal force against Plaintiff, by shouting at the Plaintiff as he was held at gunpoint.

76.     Defendant CVS negligently trained and supervised Defendant Mignucci, thereby causing Defendant Mignucci to aid Defendant Buchness in brandishing and firearm and threatening lethal force against the Plaintiff, and this is further indicated by the continuing fact that Defendants Mignucci remains an employee of Defendant CVS without censure.

14

77.     As a result of Defendant CVS's breach of duty, the Plaintiff suffered from mental anguish, nervous shock, embarrassment, shame, and humiliation.

78.     Defendant CVS and its employees', agents', servants', and/or contractors' including but not limited to Defendant Mignucci's actions, in acting without privilege or cause were reckless, wanton, and outrageous.

WHEREFORE, the Plaintiff demands judgment against Defendants, herein for compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus such reasonable costs and equitable relief as the Court may allow.

Respectfully submitted,

**The O'Hanlon Law Firm, P.C.**

_____
STEPHEN T. O'HANLON, ESQUIRE

DATE:  February 5, 2020

**The O'Hanlon Law Firm, P.C.**
BY:  Stephen T. O'Hanlon, Esquire
2 Penn Center Plaza, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonlawfirm.com
Attorney for Plaintiff

15

## **VERIFICATION**

I, Thomas R. Samuel., hereby state that the facts attested to in my above Complaint are true upon present information and belief and I state also that I expect to be able to prove the same at trial.  I understand that the statements made herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

THOMAS R. SAMUEL

Date: January 20, 2020

16

# **<u>EXHIBIT B</u>**

**IN THE COURT OF COMMON PLEAS FOR THE
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
PHILADELPHIA COUNTY:  CIVIL TRIAL
DIVISION**

Filed and Attested by the
Office of Judicial Records
08 MAY 2020 12:11 pm
A. SILIGRINI

| | |
|---|---|
| THOMAS R. SAMUEL<br>3814 Fairmount Avenue<br>Philadelphia, PA 19104<br><div align="right">Plaintiff,</div><br>    *v.*<br>CVS PHARMACY, LLC - STORE # 460<br>101 Chester Avenue, Yeadon, PA 19050<br>-and-<br>DANIEL L. BUCHNESS<br>1622 South 18th Street<br>Philadelphia, PA 19145<br>-and-<br>BRANDI CHRISTINE MIGNUCCI<br>20-1 Valley Road<br>Drexel Hill, PA 19026,<br><div align="right">Defendants.</div> | Civil Action<br><br>December Term, 2019<br><br>No.: 511 |

# NOTICE TO DEFEND

<table>
<tr><td>

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107-2911
(215) 238-6333

</td><td>

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguentes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion.  Hace falta assentar una comparencia escrita a en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas la corte puede decidir a favor del demandante y requiere que usted cumpia con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NOTIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA A VERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107-2911
(215) 238-6333

</td></tr>
</table>

Case ID: 200200511

**IN THE COURT OF COMMON PLEAS FOR THE**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA,**
**PHILADELPHIA COUNTY:  CIVIL TRIAL**
**DIVISION**

| | |
|---|---|
| THOMAS R. SAMUEL<br>3814 Fairmount Avenue<br>Philadelphia, PA 19104 | Civil Action<br><br>December Term, 2019 |
| Plaintiff, | No.: 511 |
| *v.* | |
| CVS PHARMACY, LLC - STORE # 460<br>101 Chester Avenue, Yeadon, PA 19050 | |
| -and- | |
| DANIEL L. BUCHNESS<br>1622 South 18th Street<br>Philadelphia, PA 19145 | |
| -and- | |
| BRANDI CHRISTINE MIGNUCCI<br>20-1 Valley Road<br>Drexel Hill, PA 19026, | |
| Defendants. | |

**AMENDED COMPLAINT AND JURY DEMAND**

**CIVIL ACTION:**

**Parties, Venue, and Jurisdiction**

Plaintiff files the present amended Complaint pursuant to Pa.R.C.P. 1028(c)(1) in response to Defendant CVS' Preliminary Objections.

1.      Plaintiff, Thomas Samuel ("Plaintiff"), is an adult individual residing at 3814 Fairmount Avenue, Philadelphia, PA 19104.

2.      Defendant CVS Pharmacy LLC – Store #460, is located at 101 Chester Avenue, Yeadon, PA 19050.

3.      At all times relevant hereto Defendant CVS Pharmacy, LLC, owned, operated, managed and controlled CVS Pharmacy, LLC – Store #460.

3

Case ID: 200200511

4.     At all times relevant hereto, Defendants CVS Pharmacy, LLC, by its agents, employees, and servants managed, controlled, possessed, operated, and maintained CVS Pharmacy, LLC – Store #460.

5.     The Defendants CVS Pharmacy, LLC – Store #460, will be referred to in this Complaint as "CVS" and/or the "Defendant CVS."

6.     Defendant, Brandi Christine Mignucci ("Defendant Mignucci"), is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 20-1 Valley Road, Drexel Hill, PA 19026.

7.     At all times relevant hereto, Defendant Mignucci was a servant, agent, manager, and employee of CVS and acted in the course and scope of her employment.

8.     Defendant Daniel L. Buchness ("Defendant Buchness"), is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 1622 South 18th Street Philadelphia, PA 19145.

9.     Venue is proper within this Honorable Court's jurisdiction because the Plaintiff is located in Philadelphia County, and the Defendants have a presence in Philadelphia County and/or deliberately service customers from Philadelphia County, such as the Plaintiff. The causes of action are recognized in this Commonwealth and properly brought in the Court of Common Pleas.

**Factual Allegations**

10.     On or about September 19, 2019, Plaintiff went to the CVS store to shop for some items.

11.     The Plaintiff located the items he wished to purchase and headed to the cash register to pay for them.

4

Case ID: 200200511

12.     The Plaintiff approached the cash register, which was operated by Defendant Mignucci.

13.     As the Plaintiff approached the register, Defendant Mignucci began acting disrespectfully and arguing with the Plaintiff.

14.     The Plaintiff became upset with Defendant Mignucci and her highly aggressive and hostile attitude. The Plaintiff had never experienced such ill-treatment by a CVS employee before and was deeply offended.

15.     Defendant Mignucci humiliated Plaintiff by berating him before other CVS customers waiting in line behind the Plaintiff.

16.     During the ensuing argument, the Plaintiff asked to speak with Defendant Mignucci's supervisor. In a threatening fashion, Defendant Mignucci mentioned to the Plaintiff that if had any issue he could speak with her husband, at which point as summoned by Defendant Mignucci, Defendant Buchness appeared.

17.     Defendant Buchness in an extremely hostile and aggressive manner, confronted the Plaintiff invading the Plaintiff's personal space, and pushed his body against Plaintiff's, and said, "Don't say another word to her." This physical conduct was instigated by Defendant CVS employee, Defendant Mignucci, and she oversaw and fully acquiesced in same. Defendant Mignucci, working with the full imprimatur of Defendant CVS, instigated and sustained the whole encounter by summoning Defendant Buchness, an individual she called her husband and knew to be armed.

18.     Defendant Buchness then reached his arm behind his back and lifted his shirt to reveal a firearm holstered on his back and asked the Plaintiff, "Do we have a

5

problem here?" Defendant Buchness explained to Plaintiff if there was an issue, they could step outside to deal with it.

19.     Given the current racial climate in America and the countless fatal shootings of unarmed African American men, Plaintiff was terrified for his safety. Other customers seeing the gun also feared for the Plaintiff's life and called out to the Plaintiff to stay indoors with them, and that, "[following Defendant Buchness outside] wasn't worth it."

20.     Defendant Mignucci saw this unfold and did nothing to intervene or to stop Defendant Buchness from brandishing a firearm at the Plaintiff within the CVS and in front of other CVS customers.

21.     Defendant Mignucci did not call the police to report that Defendant Buchness was threatening and detaining the Plaintiff, a CVS customer, with a firearm.

22.     Defendant Mignucci approved and supported Defendant Buchness's actions. As Defendant Buchness led the Plaintiff out of the store and had his hand steadily set on the holstered firearm, Defendant Mignucci screamed out, "Now you get what you deserve, and you had this coming to you!"

23.     When Defendant Buchness and the Plaintiff reached the store vestibule, Defendant Buchness unholstered and brandished his firearm while ordering the Plaintiff to leave the store premises under the threat of lethal force.

24.     Defendant Mignucci continued watching the scene unfold and kept saying, "Now you get what you deserve." She did nothing to intervene or to stop Defendant Buchness from threatening and detaining the Plaintiff, a CVS customer, with a firearm.

25.     The Plaintiff fearing for his life and safety, fled the store in great haste.

6

Case ID: 200200511

26.     The other CVS customers who were present became angry with Defendant Mignucci, saying she should call the police and should not have encouraged Defendant Buchness to use a weapon against the Plaintiff.

27.     Defendant Mignucci harbored racial animus toward the Plaintiff and racially profiled him as an aggressor when he was merely an unarmed African American male buying rolls of toilet paper. Defendant Mignucci trying to justify her behavior asked the other store customers, "Wasn't he aggressive and arrogant?"

28.     The other customers responded in disbelief that the Plaintiff had done nothing wrong, and Defendant Mignucci should have called the police. The customers also stated Defendant Mignucci should not have encouraged Defendant Buchness to brandish a weapon against the Plaintiff, given the current racial climate in America and the countless fatal shootings of unarmed African American men.

29.     Defendant Mignucci waited until all the customers left the store so she could call the police and report her false narrative without anyone present challenging her.

30.     Defendant Mignucci acting with racial animus and malicious intent, called the police and lied, saying that the Plaintiff had a gun in the store and had threatened her. Defendant Mignucci purposefully concealed her involvement in the verbal argument, and that Defendant Buchness brandished a firearm at the Plaintiff, a CVS customer.

31.     After the police arrived at the CVS store, Defendant Mignucci further concealed what took place and actively took steps to frame the Plaintiff. Defendant Mignucci brought the officers to the pharmacy and demanded that the pharmacist release the Plaintiff's personal information to help the officers apprehend the Plaintiff.

Case ID: 200200511

32.    A nearby customer who had witnessed the earlier ordeal voiced outrage at Defendant Mignucci and declared that information was private. The customer rebuked Defendant Mignucci for her scheme to frame the Plaintiff.

33.    Upon information and belief, Defendant Mignucci possessed a supervisorial position at the CVS location at or about September 19, 2019 and was responsible for ensuring that adequate procedures existed and were followed to guarantee that customers were not threatened or detained at gunpoint.

34.    In allowing the Plaintiff, a store customer to be held up, detained, and ordered to leave the premises at gunpoint under the threat of lethal force, and even shouting at the Plaintiff as it unfolded, "Now you get what you deserve, and you had this coming to you," Defendant Mignucci, and, therefore, Defendant CVS thereby affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Buchness.

35.    CVS investigated the incident and found no fault with Defendant Mignucci's actions. Furthermore, a CVS manager stated to one of the customers that CVS has no relevant standards or policy which prohibits a customer from threatening another with a firearm, nor one which requires a store employee to summon the police in the event a store customer like Defendant Buchness brandishes a firearm at another CVS customer.

36.    All Defendants were involved in the tortious conduct alleged herein, and all Defendants acted in concert to engage in the tortious conduct alleged and to bring about the injuries sustained by the Plaintiff.

Case ID: 200200511

## COUNT ONE - PLAINTIFF v. ALL DEFENDANTS:
## ASSAULT AND BATTERY

37.     The Plaintiff incorporates paragraphs 1 through 36 above as though fully set forth.

38.     The acts and conduct of the Defendants as aforesaid constitute assault and battery under the laws and Constitution of the Commonwealth of Pennsylvania.

39.     On or about September 19, 2019, the Plaintiff was shopping at the CVS store. Defendant Mignucci summoned Defendant Buchness to the checkout counter to deal with Plaintiff, whereby Defendant Buchness assaulted and battered the Plaintiff.

40.     Defendant Buchness grabbed Plaintiff from behind, brandished his firearm at him, and ordered Plaintiff to leave the store, whereby he intended to cause or recklessly caused the Plaintiff an imminent apprehension of a harmful or offensive bodily contact.

41.     Defendant Buchness grabbed the Plaintiff from behind, brandished his firearm at him, and ordered the Plaintiff to leave the store under the threat of lethal force, whereby Defendant Buchness took action intending to cause or recklessly caused the Plaintiff to suffer a harmful or offensive contact or apprehension that such a contact is imminent.

42.     Defendant Mignucci aided, abetted, counseled, and encouraged Defendant Buchness in brandishing and firearm and threatening lethal force against the Plaintiff, by shouting at the Plaintiff as he was held at gunpoint "Now you get what you deserve, and you had this coming to you."  This physical conduct was instigated by Defendant CVS employee, Defendant Mignucci, and she oversaw and fully acquiesced in same. Defendant Mignucci, working with the full imprimatur of Defendant CVS, instigated and

9

sustained the whole encounter by summoning Defendant Buchness, an individual she called her husband and knew to be armed.

43.     Defendant Mignucci affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Buchness against the Plaintiff, whereby she intended to cause or recklessly caused the Plaintiff to suffer an imminent apprehension of a harmful or offensive bodily contact and took action intending to cause or recklessly caused the Plaintiff to suffer a harmful or offensive contact or apprehension that such a contact is imminent.

44.     Defendant CVS is responsible and liable for the acts of their employee in committing assault and battery against the Plaintiff, in that Defendant Mignucci is an employee and acted as an agent of Defendant CVS within the course and scope of her employment, and with the knowledge and acquiescence of Defendant CVS.

45.     Defendant CVS affirmed, supported, acquiesced in, ratified, adopted, condoned and approved the use of a firearm by Defendant Buchness against the Plaintiff and the actions of Defendant Mignucci by concluding their investigation and approving of Defendant Mignucci's actions, taking no steps to sanction her behavior, and making no changes to its policies.

46.     The assault and battery committed by the Defendants upon the person of the Plaintiff were unprovoked and in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

47.     As a result of such imminent apprehension of a harmful or offensive bodily contact and being threatened with lethal force, the Plaintiff suffered severe emotional distress. The Plaintiff's pain, injury, and emotional distress were magnified

Case ID: 200200511

further due to the current racial climate in America and the countless fatal shootings of unarmed African American men.

48.     The conduct of the Defendants was outrageous, wanton, willful, malicious, shocking to the conscience, and totally without justification.

49.     The actions of Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous, and unjustifiable, and therefore, punitive damages are necessary and appropriate mainly to deter such similar future conduct. The acts of Defendants Buchness and Mignucci were intentional, willful, and wanton. Defendant CVS' prior and continued actions and inactions to prevent and rectify the harm caused are, at a minimum, recklessly indifferent towards its customers such as Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendants herein for compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus such reasonable costs and equitable relief as the Court may allow.

### COUNT TWO - PLAINTIFF v. ALL DEFENDANTS:
### FALSE ARREST AND IMPRISONMENT

50.     The Plaintiff incorporates paragraphs 1 through 49 as though fully set forth.

51.     On or about September 19, 2019, the Plaintiff was shopping at the CVS store. Defendant Mignucci summoned Defendant Buchness to the checkout counter to deal with the Plaintiff. Defendant Buchness violently and brutally seized and detained the Plaintiff.

52.     Defendant Buchness grabbed the Plaintiff from behind, brandished his firearm at him, and ordered the Plaintiff to leave the store under threat of lethal force,

Case ID: 200200511

whereby he intended and caused the Plaintiff to be detained and seized unlawfully, without consent or authority of law.

53.     Defendant Buchness's conduct was intended to cause the detention of the Plaintiff.

54.     Defendant Buchness carried out the arrest and detention by the prompting and the direction of Defendant Mignucci.

55.     Defendant Mignucci aided, abetted, counseled, and encouraged Defendant Buchness in brandishing and firearm and threatening lethal force against the Plaintiff, by shouting at Plaintiff as he was held at gunpoint "Now you get what you deserve, and you had this coming to you."   This arrest and imprisonment in a confined area (the entranceway to the store) was instigated by Defendant CVS employee, Defendant Mignucci, and she oversaw and fully acquiesced in same.  Defendant Mignucci, working with the full imprimatur of Defendant CVS, instigated and sustained the whole encounter by summoning Defendant Buchness, an individual she called her husband and knew to be armed.

56.     Defendant Mignucci affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Buchness to detain the Plaintiff at gunpoint.

57.     Defendant CVS is responsible and liable for the acts of their employee in committing false arrest and imprisonment against the Plaintiff, in that Defendant Mignucci is an employee and acted as an agent of Defendant CVS within the course and scope of her employment, and with the knowledge and acquiescence of Defendant CVS.

12

58.     Defendant CVS affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Buchness against the Plaintiff and the actions of Defendant Mignucci by concluding their investigation and approving of Defendant Mignucci's actions, taking no steps to sanction her behavior, and making no changes to CVS policies.

59.     As a result of the Defendants' actions, the Plaintiff sustained pain including anxiety-induced headaches and loss of sleep, injury, and emotional distress all to his detriment.

60.     The actions described herein of the Defendants were malicious, intentional and, displayed with reckless disregard to the rights, safety, and well-being of the Plaintiff, and the imposition of punitive damages is warranted to deter such future similar conduct. The acts of Defendants Buchness and Mignucci were intentional, willful, and wanton. Defendant CVS' prior and continued actions and inactions to prevent and rectify the harm caused are, at a minimum, recklessly indifferent towards its customers such as Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendants herein for compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus such reasonable costs and equitable relief as the Court may allow.

### COUNT THREE – PLAINTIFF v. ALL DEFENDANTS: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61.     The Plaintiff incorporates paragraphs 1 through 60 as though fully set forth.

13

Case ID: 200200511

62.     Defendant Buchness acted intentionally in pointing a firearm at the Plaintiff and threatening him with lethal force.

63.     Defendant Buchness's conduct was extreme and outrageous.

64.     Defendant Mignucci aided, abetted, counseled, and encouraged Defendant Buchness in brandishing the firearm and threatening lethal force against the Plaintiff, by shouting at the Plaintiff as he was held at gunpoint "Now you get what you deserve, and you had this coming to you."  This infliction of severe emotional distress was instigated by Defendant CVS employee, Defendant Mignucci, and she oversaw and fully acquiesced in same intending it to happen.  Defendant Mignucci, working with the full imprimatur of Defendant CVS, instigated and sustained the whole encounter by summoning Defendant Buchness, an individual she called her husband and knew to be armed.

65.     Defendant Mignucci affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Buchness to detain the Plaintiff at gunpoint and the infliction of emotional distress.

66.     The conduct was extreme and outrageous.

67.     Defendant CVS's employee acting within the scope of her employment and within the knowledge and acquiescence of Defendant CVS, acted intentionally in causing Defendant Buchness to point a firearm at the Plaintiff and threaten him with lethal force.

68.     The conduct was extreme and outrageous.

69.     Defendant CVS affirmed, supported, acquiesced in, ratified, adopted, condoned, and approved the use of a firearm by Defendant Buchness against the Plaintiff

14

Case ID: 200200511

and the actions of Defendant Mignucci by concluding their investigation and approving of Defendant Mignucci's actions, taking no steps to sanction her behavior, and making no changes to CVS policies.

70.     The Defendants' actions caused the Plaintiff to suffer severe emotional distress.

71.     As a result of the Defendants' actions, the Plaintiff sustained pain including anxiety-induced headaches and loss of sleep, injury, and emotional distress all to his detriment.

72.     The actions described herein of the Defendants were malicious, intentional and, displayed with reckless disregard to the rights, safety, and well-being of the Plaintiff, and the imposition of punitive damages is warranted to deter such future similar conduct. The acts of Defendants Buchness and Mignucci were intentional, willful, and wanton. Defendant CVS' prior and continued actions and inactions to prevent and rectify the harm caused are, at a minimum, recklessly indifferent towards its customers such as Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendants herein for compensatory and punitive damages in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus such reasonable costs and equitable relief as the Court may allow.

### COUNT FOUR – PLAINTIFF v. DEFENDANT CVS: NEGLIGENT SUPERVISION

73.     The Plaintiff incorporates paragraphs 1 through 73 as though fully set forth.

74.     Defendant CVS has a duty to properly train, supervise and manage its employees, agents, servants, and/or contractors, including but not limited to

Case ID: 200200511

Defendant Mignucci, to prevent them from committing tortious conduct against store employees.

75.     Defendant CVS breached this duty insofar as its employees, agents, servants and/or contractors, including but not limited to Defendant Mignucci, aided, abetted, counseled, and encouraged Defendant Buchness in brandishing and firearm and threatening lethal force against Plaintiff, by shouting at the Plaintiff as he was held at gunpoint.

76.     Defendant CVS negligently trained and supervised Defendant Mignucci, thereby causing Defendant Mignucci to aid Defendant Buchness in brandishing and firearm and threatening lethal force against the Plaintiff, and this is further indicated by the continuing fact that Defendants Mignucci remains an employee of Defendant CVS without censure.   Defendant CVS knew of prior acts of aggression of Defendant Mignucci and did nothing.

77.     As a result of Defendant CVS's breach of duty, the Plaintiff suffered from mental anguish, nervous shock, embarrassment, shame, and humiliation.

78.     Defendant CVS and its employees, agents, servants, and/or contractors including but not limited to Defendant Mignucci's actions, in acting without privilege or cause were reckless, wanton, and outrageous.   In Particular, Defendant CVS' prior and continued actions and inactions to prevent and rectify the harm caused are, at a minimum, recklessly indifferent towards its customers such as Plaintiff.

WHEREFORE, the Plaintiff demands judgment against Defendant CVS, herein for compensatory and punitive damages in an amount in excess of Fifty Thousand

Case ID: 200200511

Dollars ($50,000.00), plus such reasonable costs and equitable relief as the Court may allow.

Respectfully submitted,

**The O'Hanlon Law Firm, P.C.**

STEPHEN T. O'HANLON, ESQUIRE

DATE:  May 8, 2020

**The O'Hanlon Law Firm, P.C.**
BY:  Stephen T. O'Hanlon, Esquire
2 Penn Center Plaza, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonlawfirm.com
Attorney for Plaintiff

17

Case ID: 200200511

## <u>VERIFICATION</u>

I, Thomas R. Samuel, hereby state that the facts attested to in the above Amended Complaint are true upon present information and belief and I state also that I expect to be able to prove the same at trial. I understand that the statements made herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

THOMAS R. SAMUEL

Date: May 8, 2020

## CERTIFICATE OF SERVICE

I, Stephen T. O'Hanlon, Esquire, hereby certify that the above amended Complaint has been filed with the Court by electronic filing and will be sent to the following by opt-in electronic email via the Court's e-filing system:

Counsel for Defendants Buchness and CVS (by electronic service)

Defendant Mignucci (by in-person service by Delaware County Sheriff)

The O'Hanlon Law Firm, P.C.

STEPHEN T. O'HANLON, ESQUIRE

May 8, 2020

# **<u>EXHIBIT C</u>**

| Prepared by: |
| --- |
| *George C. Greatrex, Jr., Esquire* |

# *Deed*

This Deed is made on *January 28*, 2021

BETWEEN

**John T. McCart, single man**

whose address is 556 Spring Road, Hammonton, NJ 08037

referred to as the Grantor,

AND

**Daniel L. Buchness and Jennifer Ann Buchness, husband and wife**

whose address is about to be 556 Spring Road, Hammonton, NJ 08037

referred to as the Grantee.

The words "Grantor" and "Grantee" shall mean all Grantors and Grantees listed above.

1. **Transfer of Ownership**. The Grantor grants and conveys the property (called the "Property") described below to the Grantee. This transfer is made for the sum of ▓▓▓▓▓▓ ▓▓▓▓▓Thousand▓▓▓▓▓▓▓▓▓Dollars ($▓▓▓▓▓▓). The Grantor acknowledges receipt of this money.

2. **Tax Map Reference**. (N.J.S.A. 46:151.1) Municipality of Winslow Township Block No. 7102 Lot 3.01          Account No.

_____No property tax identification number is available on the date of this deed. (Check box if applicable.)

---

**HILL WALLACK LLP**
*Attorneys at Law*
*Cherry Hill, New Jersey*

City Abstract, LLC
1050 Kings Highway North
Suite 208
Cherry Hill, NJ 08034
(856) 481-3094

**ALTA Buyer's Settlement Statement**

| File #: | CANJ-114290 | Property | 556 Spring Road | Settlement Date | 01/28/2021 |
| Prepared: | 01/28/2021 | | Hammonton, NJ 08037 | Disbursement Date | 01/28/2021 |
| Closer: | Chelsea Barrett | Buyer | Jennifer Ann Buchness and | | |
| | | | Daniel L. Buchness | | |
| | | Seller | John T. McCart | | |
| | | Lender | Direct Mortgage Loans LLC | | |

| Description | Buyer | |
| --- | --- | --- |
| | Debit | Credit |
| **Primary Charges & Credits** | | |
| Sales Price of Property | ▬▬▬ | |
| Deposit | | ▬▬ |
| Loan Amount | | ▬▬▬ |
| | | |
| **Prorations/Adjustments** | | |
| City/Town Taxes 01/28/2021 to 03/31/2021 | ▬▬▬ | |
| | | |
| **Loan Charges** | | |
| Application Fee to Direct Mortgage Loans LLC | ▬▬▬ | |
| Appraisal Fee to 1st National Appraisal Source ($505.00 POC by Borrower) | | |
| Credit Report Fee to Credit Plus, Inc. | ▬▬ | |
| Flood Certification to ServiceLink National Flood | ▬ | |
| Prepaid Interest ($16.14 per day from 01/28/2021 to 02/01/2021) | ▬▬.▬▬ | |
| | | |
| **Impounds** | | |
| Homeowner's insurance $106.17 per month for 2 mo. | ▬▬▬.▬▬ | |
| Property taxes $585.68 per month for 2 mo. | ▬▬▬ | |
| Aggregate adjustment | | ▬▬▬1 |
| | | |
| **Government Recording and Transfer Charges** | | |
| Recording Fees | ▬▬▬ | |
| ---Deed: $100.00 | | |
| ---Mortgage: $150.00 | | |
| | | |
| **Commissions** | | |
| Commission to Compass New Jersey LLC | ▬▬▬.▬▬ | |
| | | |
| **Title Charges** | | |
| Title - County Clerk Copy Charge to City Abstract, LLC | ▬▬0 | |
| Title - County Search to City Abstract, LLC | ▬▬0 | |
| Title - CPL (Lender) to Chicago Title Insurance Company | ▬▬ | |
| Title - eDoc Fee to City Abstract, LLC | ▬▬ | |
| Title - Examination Fee to City Abstract, LLC | ▬▬▬ | |
| Title - Judgment and Patriot Search to City Abstract, LLC | ▬▬▬ | |
| Title - Lender's ALTA 8.1-06 Endorsement to City Abstract, LLC | ▬▬ | |
| Title - Lender's NJRB 5-157: ALTA 9.10-06 (Restrictions, Encroachments, and Minerals - Current Violations - Loan Policy) Endorsement to City Abstract, LLC | ▬▬.▬▬ | |
| Title - Lender's NJRB 5-37 Endorsement to City Abstract, LLC | ▬▬0 | |
| Title - Lender's Title Policy to City Abstract, LLC | ▬▬▬▬ | |
| Title - NOS Recording & Handling Fee to City Abstract, LLC | ▬▬ | |

| Description | Buyer | |
|---|---|---|
| | **Debit** | **Credit** |
| Title - Notary to City Abstract, LLC | ▬▬ | |
| Title - Overnight Fee to City Abstract, LLC | ▬▬ | |
| Title - Settlement Fee to City Abstract, LLC | ▬▬ | |
| Title - Tax and Municipal Search to City Abstract, LLC | ▬▬0 | |
| Title - Tidelands Search to City Abstract, LLC | ▬▬0 | |
| Title - Wire Fee to City Abstract, LLC | ▬▬ | |
| Title - Owner's Title Policy to City Abstract, LLC | ▬▬ | |
| | | |
| **Miscellaneous Charges** | | |
| Broker Fee to Compass New Jersey LLC | ▬▬0 | |
| Payoff-Acct # ending 3011 to Citi | ▬▬0 | |
| Payoff-Acct #002823801-04 to Citizens Bank | ▬▬0 | |
| Homeowner's Insurance Premium to Travelers | ▬▬00 | |
| | | |
| | **Debit** | **Credit** |
| Subtotals | ▬▬.50 | ▬▬ |
| Due from Buyer | | ▬▬ |
| Totals | ▬▬ | ▬▬ |

**Acknowledgement**

We/I have carefully reviewed the Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the Settlement Statement. We/I authorize City Abstract, LLC to cause the funds to be disbursed in accordance with this statement.

_Jennifer Ann Buchness_ 1/28/21          _T.V.P_          1/28/21
Jennifer Ann Buchness          Date          Daniel L. Buchness          Date

_Chk Bm_          1/28/2021
Settlement Agent          Date